Eric A. Norman, OSB No. 100486
eric@favros.com
FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
Telephone: (206) 749-0094
Facsimile: (206) 749-0194

*Attorney for Defendant Fred M. Foss, M.D.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| SYDNEY ALVIS FRY,<br><br>      Plaintiff ,<br> v.<br><br>LINDA GRUENWALD, Nurse Practicioner, (NP), Two Rivers Correctional Institution (TRCI); FRED M. FOSS, M.D, Urologist; JOSEPH BUGHER, Assistant Director, Health Services, Oregon Department of Corr (ODOC); CHRISTOPHER P. DIGIULIO, M.D, Medical Director, ODOC; SHANNON JOHNSTON, Registered Nurse (RN), Medical Services Manager, TRCI; CINDY DIETER, RN, Nurse Manager, TRCI; DOROTHY WETTLAUFFER, RN, Medical Services Administrator, ODOC; B. ZAVALAS, RN, TRCI; S. RHOADES, RN, TRCI; P.S. PETERSON, RN, TRCI; T. PALMER, RN, TRCI; D. MURRAY, RN, TRCI; K. RAMSAY, RN, TRCI; T. HAZEN, RN, TRCI; RN HARDY, TRCI; NP MANEY, TRCI; and JOHN & JANE DOES 1-20, ODOC/OSCI employees whose identities are presently unknown to Plaintiff but who were involved in the violations alleged herein; all sued in their individual and official capacities.<br><br>      Defendants. | NO. 6:20-cv-01707-MK<br><br>DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>**Request for Oral Argument by Telephone Conference** |

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION -
1

(CASE NO. 6:20-cv-01707-MK)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

## LOCAL RULE 7-1 CERTIFICATION

Counsel for Defendant Fred M. Foss, M.D., in compliance with Local Rule 7-1, certifies that counsel has made a good faith effort through telephone conferences with opposing counsel to resolve all disputes raised in the following motion, but the parties have been unable to do so.

## STATEMENT OF FACTS

**A.     Introduction.**

According to the Complaint, plaintiff Sydney Fry is and was at all relevant times an inmate incarcerated in the Oregon Department of Corrections. Compl. ¶ 5.  He alleges, *inter alia*, that a number of defendants subjected him to deliberate indifference to his serious medical needs during his incarceration by failing to properly diagnose and treat his adverse reaction to an antibiotic medication, which he claims resulted in urethral stricture and tear, in violation of the Eighth and Fourteenth Amendments to the United Stated Constitution and federal and state laws. *Id*.

In addition to naming approximately 15 individuals who are employed by or work at the Oregon Department of Corrections (ODOC), Two Rivers Correctional Institution (TRCI), and/or Oregon State Correctional Institution (OSCI) as defendants who he claims subjected him to various state and constitutional violations during his incarceration, the plaintiff also named an outside urologist, Fred M. Foss, M.D., as an individual defendant. *Id*. at ¶ 6-22. Plaintiff alleges that Dr. Foss was a urologist who the TRCI/ODOC defendants referred him to for specialty consultations, diagnosis, and treatment. *Id.* at ¶ 7.

**B.     Overview of Plaintiff's factual allegations pertaining to Dr. Foss.**

According to the Complaint, the plaintiff saw a nurse at the jail on October 8, 2018 for infected, ingrown toenails on both feet. *Id.* ¶ at 45. He was provided an antibiotic prescription and claims that he had an adverse reaction to the drug over the next couple of days until he was ultimately taken to the Emergency Department at Good Shepherd Medical Center on October

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 2

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  •  f. 206-749-0194

10, 2018 *Id*. ¶ at 48-114. Good Shepherd Medical Center is located in Hermiston, Oregon. The Good Shepherd emergency medicine physician saw the plaintiff and discussed his case with the on-call urologist at the hospital, Dr. Holt, who stated that the patient could follow up with a urologist the following day. *Id*. ¶ at 115-121. The plaintiff was returned to TRCI. *Id*. ¶ at 120-121. He states in his Complaint that at about noon on October 11, 2018, he was transported by TRCI to the urology office of Dr. Fred Foss. *Id*. ¶ at 123. This is the first time the plaintiff met Dr. Foss.

Plaintiff alleges that Dr. Foss saw him on October 11, 2018 for urinary retention and urethral stricture. *Id*. ¶ at 124, 133-134. Dr. Foss performed a cystoscopy, inserted a catheter, and recommended medications and a routine follow up visit in 6-12 weeks. *Id*. Plaintiff claims that he still had pain, swelling, and discharge in his groin area, penis, and scrotum in the following days that he had been reporting to correctional staff at TRCI. *Id*. ¶ at 141-151. On October 17, 2018, a nurse at TRCI consulted with Dr. Foss about the plaintiff's ongoing complaints and placed "Orders to send pt. out to Dr. Foss to replace catheter." *Id*. ¶ at 151. In the interim, the plaintiff alleges that he filed an inmate grievance with TRCI on or about October 28, 2018 stating that he wanted his follow up appointment with the urologist. *Id*. ¶ at 157. Plaintiff was taken back to Dr. Foss on November 20, 2018. *Id*. ¶ at 161. Dr. Foss performed another cystoscopy and recommended routine follow up in six months. *Id*. ¶ at 162-163.

On February 6, 2019, the plaintiff claims he sent an Inmate Communications form to TRCI asking to be scheduled to see the urologist ASAP to determine if he needs to do the same procedures he did prior. *Id*. ¶ at 173. He claims he was seen by a nurse practitioner at TRCI who noted in the plaintiff's medical file, "Discuss case [with] Dr. Foss for options." *Id*. ¶ at 175. On February 20, 2019, plaintiff claims that the nurse practitioner documented that she spoke with Dr. Foss that day about plaintiff's complaints of decreased urine stream, and then issued an Order to allow him to see Dr. Foss. *Id*. ¶ at 176-177.

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 3

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

Plaintiff was taken to see Dr. Foss on March 26, 2019, at which time Dr. Foss performed another cystoscopy due to recurrent urethral stricture. *Id*. ¶ at 178-179. Dr. Foss discussed the plaintiff's options and recommended that plaintiff get a retrograde urethrogram, which he underwent at Good Shepherd Medical Center on April 29, 2019. *Id*. ¶ at 191. The TRCI nurse practitioner had the report of the 4/29/2019 urethrogram faxed to Dr. Foss' office. *Id*. ¶ at 196.

On or about May 17, 2019, plaintiff alleges that he met with the TRCI nurse practitioner to discuss the results of his urethrogram. *Id*. ¶ at 199. The nurse practitioner appeared to call Dr. Foss, who was out of the office that week. *Id*. Plaintiff alleges that the nurse practitioner noted that, "In previous conversation [with] Dr. Foss, he recommended a Urethroplasty at OHSU but I have not seen that in writing—will await his [telephone call]." *Id*. Plaintiff alleges that he sent an Inmate Communications to the nurse practitioner asking, "Did you get an answer from the uraligist [sic] from Washington?" *Id*. ¶ at 201. He was told by corrections staff that "provider will be talking to Dr. Foss soon." *Id*. ¶ at 202.

On May 24, 2019, plaintiff alleges that the TRCI nurse practitioner documented, "Return call from Dr. Foss office—images not available on Kadlec system—They called for images to be sent from [Good Shepherd Medical Center] to their office—Will f/u in 3 weeks if no word from Dr. Foss's office." *Id*. ¶ at 207. Plaintiff claims he filed an inmate grievance on May 24, 2019, requesting, among other things, to be seen by outside doctors "because ODOC is negligent". *Id*. ¶ at 208-209. He claims that the TRCI nurse practitioner made an appointment for him to see Dr. Foss, and faxed his progress notes from the medical unit to Dr. Foss' office. *Id*. ¶ at 211, 214. Plaintiff was taken to be seen by Dr. Foss on July 3, 2019. *Id*. ¶ at 222.

Plaintiff complained of inability to void and returned to Dr. Foss on July 25, 2019. *Id*. ¶ at 237. Dr. Foss discussed possible treatment options with the plaintiff and noted that if a urethroplasty were to be considered, plaintiff would need to be seen by a physician or center that

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 4

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

performs this procedure on a regular basis. *Id*. ¶ at 238. July 25, 2019 was the last time Dr. Foss saw the plaintiff, and plaintiff does not allege otherwise.

According to the Complaint, TRCI subsequently approved plaintiff for the urethroplasty procedure and he was referred to Willamette Urology. *Id*. ¶ at 241-242. Plaintiff states that Willamette Urology is located in Salem, Oregon, which he claims is more than three hours away from TRCI where he was incarcerated. *Id*. ¶ at 243. He claims he was ultimately seen by Willamette Urology in September 2019, who referred him to OHSU for the urethroplasty. *Id*. ¶ at 258-259. Plaintiff claims that he received a response to one of his grievances from the Assistant Director of Health Services at Oregon DOC, who stated on February 5, 2020 that, "You were approved by the Therapeutic Level of Care (TLC) committee for a Urology referral. You were seen by urology in September 2019 (Willamette Urology) who then referred you to OHSU for another opinion. You have a scheduled appointment at OHSU that is coming up." *Id*. ¶ at 272. Plaintiff claims that as of October 1, 2020, he still had not had the opportunity to have the urethroplasty and that he has suffered injuries and damages as a result. *Id*. ¶ at 278-288.

### C.    Dr. Fred Foss.

Dr. Foss is a urologic physician who is licensed to practice medicine in the State of Washington. Foss Decl., ¶ 3. He practices urology exclusively in Washington, including during the relevant time period and in relation to his care of the plaintiff. *Id*. He is in private practice in Washington, and his medical office is located in in Richland, Washington. *Id*. He exclusively saw and provided treatment to the plaintiff at his medical office in Richland, Washington. *Id*. He never saw, or provided care or treatment to, the plaintiff in Oregon. *Id*. He does not practice in the State of Oregon, nor did he during the relevant time period or in relation to his care of the plaintiff. *Id*.

Dr. Foss is domiciled in Washington as a Washington resident and citizen. Foss Decl., ¶ 4. Dr. Foss is neither domiciled in nor a resident of Oregon. *Id*. Nearly all of his patients are

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 5

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

Washington residents. Foss Decl., ¶ 6. On rare occasion, he has seen a patient who he learned did not reside in Washington. *Id*. This typically occurs when an out-of-state patient is visiting Washington and requires urologic evaluation or care prior to returning to their home state. *Id*. It is very rare for a patient from an outside state, including Oregon, to make an appointment to see Dr. Foss at my office in Richland, Washington. Id. Dr. Foss does not market, advertise, solicit, or direct his medical services to the residents of Oregon, to the State of Oregon, or to the Oregon Department of Corrections in any form or manner, including during the relevant time period and in relation to his care of the plaintiff. *Id*.

In addition, Dr. Foss is not employed by, or otherwise affiliated in any way with, the Oregon Department of Corrections ("DOC"), including the DOC facility where the plaintiff was incarcerated during the relevant time, Two Rivers Correctional Institution located in Umatilla, Oregon, or the DOC facility where the plaintiff alleges he is currently incarcerated, Oregon State Correctional Institution located in Salem, Oregon. Foss Decl., ¶ 5. He does not have any agreement or contractual relationship with DOC to see its inmates from any state, including Oregon. *Id*.

## MOTION

(Lack of Personal Jurisdiction)

Under Federal Rule of Civil Procedure 12(b)(2), defendant Dr. Foss moves this Court to dismiss plaintiff's Complaint against him for lack of personal jurisdiction.

## LEGAL STANDARD

In order to survive a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Information produced by affidavit is proper in a Rule 12(b)(2) motion contesting jurisdiction. *Bach v. McDonnell Douglas, Inc.*, 468 F. Supp. 521, 524 (D. Ariz. 1979); see also *Bowman v. Grolsche Bierbrouwerij B.V.*, 474 F.

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 6

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

Supp. 725, 728 (D. Conn. 1979). Plaintiff's uncontroverted allegations in the complaint are taken as true. *Schwarzenegger*, 374 F.3d at 800. However, plaintiffs cannot "simply rest on the bare allegations of its complaint," *id.* (quoting *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)), and must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc.*, 551 F.2d at 787.

## ARGUMENT

### A.  Plaintiff's Complaint against Dr. Foss should be dismissed for lack of personal jurisdiction.

Plaintiff has failed to plead any facts that, if taken as true, support personal jurisdiction over defendant Dr. Foss. Plaintiff's Complaint is silent as to the personal jurisdiction this Court has over Dr. Foss. *See* Compl. Thus, for the following reasons, plaintiff's allegations against defendant Dr. Foss should be dismissed for lack of personal jurisdiction.

The power to adjudicate a claim requires courts to have personal jurisdiction over the defendant. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). "Personal jurisdiction" refers to the court's power to render a judgment that either commands a defendant's personal obedience or imposes obligations on the defendant that will be enforced by other courts. *Burnham v. Sup.Ct.*, 495 U.S. 604, 609-10, 110 S.Ct. 2105 (1990); *see also Ruhrgas*, 526 U.S. at 584 ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (internal quotations omitted)). Any judgment rendered by a court lacking personal jurisdiction that purports to impose personal obligations on the defendant violates constitutional requirements of due process. *Burnham*, 495 U.S. at 609-10; *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559 (1980).

Where, as here, there is no applicable federal statute governing personal jurisdiction, a district court applies the law of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panvasion*

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 7

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

*Int'l., L.P. v. Toeppen*, 131 F.3d 1316, 1320 (9th Cir. 1998). Oregon law authorizes personal jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution. *See* Or. R. Civ. P. 4L. To comport with the requirements of due process, a court may only exercise personal jurisdiction over a non-resident defendant if that defendant has sufficient "minimum contacts" with the forum state, such that the exercise of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and quotations omitted). A defendant's minimum contacts may be established through a showing of either general or specific jurisdiction. *Schwarzenegger v. Fred Martihn Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

For the reasons stated in this Motion, defendant Dr. Foss respectfully submits that this forum lacks personal jurisdiction over him, and exercising personal jurisdiction over him would not comport with due process.

    1.    <u>This forum does not have general jurisdiction over Dr. Foss.</u>

In most cases, a federal district court's authority to assert personal jurisdiction is linked to service of process on a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Walden v. Fiore*, 571 U.S. 277, 283, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) (quoting Fed. Rule of Civ. Proc. 4(k)(1)(A)).

For general jurisdiction to exist over a *nonresident* defendant, the defendant must engage in "substantial" or "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801; *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986); see also *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). "Our cases demonstrate that "substantial" is intended to be a fairly high standard." *Brand*, 796 F.2d at 1073 (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum, including *Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th Cir. 1984), *cert. denied*, 470 U.S. 1005, 105 S. Ct. 1359,

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 8

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

84 L. Ed. 2d 380 (1985)). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

In *Cubbage*, the Ninth Circuit found that the California district court lacked general jurisdiction over Arizona physicians despite the fact that the physicians had significant number of patients in California, used California's state medical insurance system, and maintained a white pages listing that was distributed in California, because the court found that the Arizona physicians did not have such "substantial" or "continuous and systematic" contacts with California that conferred general jurisdiction. *Cubbage*, 744 F.2d at 667-68. The court stated:

> Appellees do not have such contacts—**the doctors are not California residents, are not licensed in California, and did not treat appellant in California; the hospital is not located, licensed or incorporated in California**.

*Id.* (emphasis added).

Here, well-established Ninth Circuit and related federal case law demonstrates that Dr. Foss did not have substantial or continuous and systematic contacts with Oregon so as to render him essentially at home in Oregon. Furthermore, plaintiff has not alleged or brought forth any evidence to the contrary. Dr. Foss is both domiciled in and a resident of Washington. Foss Decl., ¶ at 4. In addition, he is licensed and practices medicine exclusively in Washington, including during the relevant time period and in relation to his treatment of the plaintiff. *Id.* at 3. He never saw, or provided care or treatment to, Mr. Fry in Oregon. *Id.* He does not practice medicine in Oregon. Id. Under applicable case law, Oregon courts cannot exercise general personal jurisdiction over Dr. Foss, and the analysis thus turns on specific personal jurisdiction.

    2.    <u>This forum does not have specific jurisdiction over Dr. Foss.</u>

In contrast to general jurisdiction, specific jurisdiction requires that the "suit arises out of or relates to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific, or *in*

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 9

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

*personam*, jurisdiction is premised on the Due Process Clause of the Fourteenth Amendment, which "constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden*, 571 U.S. at 283.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Therefore, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *Woodson*, 444 U.S. at 291; *Schwarzenegger*, 374 F.3d at 801 (For a court to exercise specific jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice.") (quoting *International Shoe*, 326 U.S. at 316).

"Minimum contacts" means the defendant has purposefully directed his or her activities at residents of the forum and the litigation results from injuries that arise out of or relate to those activities. *Burger King*, 471 U.S. at 472. The relationship between defendant and forum state must be such that it is reasonable to require the defendant to defend the particular suit which is brought there. *Woodson*, 444 U.S. at 292. The requirement that "minimum contacts" be present protects a defendant, who has no meaningful contact with a state, from the burdens of defending a lawsuit far from home in a forum where the substantive and procedural laws may be different from those with which the litigant is familiar. *Woodson*, 444 U.S. at 292. Importantly, the *International Shoe* requirements **must be met as to each defendant over whom jurisdiction is to be exercised**. *Rush v. Savchuk*, 444 U.S. 320, 332, 62 L. Ed. 2d 516, 100 S. Ct. 571 (1980) (emphasis added).

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 10

(CASE NO. 6:20-cv-01707-MK)

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

Here, the question of whether this Court has specific personal jurisdiction over defendant Dr. Foss, a Washington physician who treated the plaintiff in Washington, turns on whether plaintiff can demonstrate that Dr. Foss had "minimum contacts" with Oregon related to this litigation. *Woodson*, 444 U.S. at 291; *Schwarzenegger*, 374 F.3d at 802. In the Ninth Circuit, courts apply a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is proper and appropriate:

    (1)   The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

    (2)   The claim must be one which arises out of or results from the defendant's forum-related activities; and

    (3)   Exercise of jurisdiction must be reasonable.

*Schwarzenegger*, 374 F.3d at 801; *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). **A plaintiff bears the burden of establishing the first two elements of the test, after which the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would not be reasonable**. *Burger King*, 471 U.S. at 477 (emphasis added). "**[I]f the plaintiff fails at the first step,**" however, "**the jurisdictional inquiry ends.**" *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (emphasis added).

Importantly, "**The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State**." *Burger King*, 471 U.S. at 474 (emphasis added).

In *Schwarzenegger*, the Ninth Circuit acknowledged that courts often use the phrase "purposeful availment," in shorthand fashion, to include both purposeful availment and purposeful direction. *Schwarzenegger*, 374 F.3d at 802. However, it also recognized that

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 11

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

"availment" and "direction" are, in fact, two distinct concepts. *Id.* A purposeful availment analysis is most often used in suits sounding in contract. *Id.* A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort. *Id.* Given the nature of the plaintiff's allegations, a "purposeful direction" analysis is appropriate and will be undertaken here.

**a.  Dr. Foss did not purposefully direct any activity toward Oregon.**

A defendant purposefully directs his or her conduct towards the forum state when the defendant: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "All three parts of the test must be satisfied." *Schwarzenegger*, 374 F.3d at 805.

Here, the plaintiff has not demonstrated that Dr. Foss purposefully directed his activities toward Oregon relating to this litigation. The conduct by Dr. Foss that the plaintiff complains of took place in Washington, not Oregon. Dr. Foss is a licensed physician in Washington and a Washington resident. Foss Decl., ¶ 3. He practices medicine exclusively in Washington. *Id*. Dr. Foss does not practice in Oregon, nor did he during the relevant time period or in relation to his care of the plaintiff. *Id*. Dr. Foss exclusively provided medical care to the plaintiff in the State of Washington; he has never cared or treated the plaintiff in Oregon. *Id*. He does not market, advertise, solicit, or direct his services to the residents of Oregon, to the State of Oregon, or to the Oregon Department of Corrections in any form or manner, including during the relevant time period. *Id*. at ¶ 6. He is not employed by or otherwise affiliated with the Department of Corrections, nor does he have any contractual relationship with the Department of Corrections to see its inmates from any state, including Oregon. *Id*.

In *Wright v. Yackley*, the Ninth Circuit explained the characteristics of specific jurisdiction when the defendant's allegedly tortious conduct entails personal services, like the provision of providing health care in this case:

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 12

(CASE NO. 6:20-cv-01707-MK)

**Fain Anderson VanDerhoef**
**Rosendahl O'Halloran Spillane, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

> In the case of personal services, focus must be on the place where the services are rendered, since this is the place of the receiver's (here the patient's) need. The need is personal and the services rendered are in response to the dimensions of that personal need. They are directed to no place but to the needy person herself. It is in the very nature of such services that their consequences will be felt wherever the person may choose to go. However, the idea that tortious rendition of such services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt is wholly inconsistent with the public interest in having services of this sort generally available. Medical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of his treatment and in what distant lands he may be called upon to defend it. The traveling public would be ill served were the treatment of local doctors confined to so much aspirin as would get the patient into the next state. The scope of medical treatment should be defined by the patient's needs, as diagnosed by the doctor, rather than by geography.

*Wright v. Yackley*, 459 F.2d 287, 289-290 (9th Cir. 1972).

While a resident of South Dakota, the plaintiff in *Wright* had been treated by the defendant, a South Dakota doctor, in South Dakota. *Wright*, 459 F.2d at 288. At the doctor's direction, the plaintiff was taking medications he prescribed. *Id*. Plaintiff moved from South Dakota to Idaho and, four months after the South Dakota doctor had last treated her, she sought to have the prescriptions refilled at an Idaho drugstore and provided copies of the prescriptions issued by a South Dakota drugstore. *Id*. The Idaho pharmacist advised her that, in order to fill that prescription, he needed confirmation of the prescriptions from the doctor. *Id*. The South Dakota doctor then wrote and furnished to the plaintiff copies of the original prescriptions. *Id*. This satisfied the pharmacist and the plaintiff was permitted to refill. *Id*. The plaintiff later alleged that eventually she was injured by use of the drugs and sued the South Dakota doctor in Idaho. *Id*. The issue in *Wright* was whether the forum state of Idaho had personal jurisdiction over the South Dakota physician.

The Ninth Circuit recognized that, if the South Dakota doctor was liable in malpractice, it was through his acts of diagnosis and prescription performed in South Dakota. *Id*. In so finding, the court stated that:

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 13

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

> The mailing of the prescriptions to Idaho did not constitute new prescription. It was not diagnosis and treatment by mail. It was simply confirmation of the old diagnosis and prescription and was recognized by the druggist as such. It did, of course, put the doctor on notice that consequences of his South Dakota services would be felt in Idaho and that it was by his very act of mailing that this would be made possible. In our view however, **this does no more than put the doctor in the position of one who, in South Dakota, treats an Idaho resident with knowledge of her imminent return to Idaho and that his treatment thus may cause effects there**.

*Id*. at 288-289 (emphasis added). It then engaged in an analysis of whether the forum state (Idaho) could exercise its jurisdiction over the South Dakota doctor.

In determining whether the exercise of specific jurisdiction on the non-resident defendant doctor was reasonable and in compliance with due process, the *Wright* court balanced certain factors and concluded that the exercise of specific jurisdiction would be unreasonable. The factors the court analyzed included (1) the amount of contact between the defendant and the forum state, (2) the nature of the contacts, and (3) the forum state's natural interest to protect its citizens. *Id*. at 290-291. Each of these factors are discussed below.

First, with regard to the amount of contact between the defendant and the forum state, the court recognized the "chance occurrence of a resident of a forum state seeking treatment by the doctor while in the latter's state. From the very nature of the average doctor's localized practice, there is no systematic or continuing effort on the part of the doctor to provide services which are to be felt in the forum state." *Id*. at 290.

Second, the court recognized that "the nature of the contacts is normally grounded outside of any relationship with the forum state. Unlike a case involving voluntary, interstate economic activity, for example, which is directed at various states in order to benefit from effects sought in those states, **here the residence of a recipient in the forum state is irrelevant and incidental to the benefits provided by the defendant in his location**. **Thus the defendant is not one who purposefully avails itself of the privilege of conducting activities within the forum State.** Nor are medical services comparable to acts performed by a nonresident for the very purpose of

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 14

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

having their consequences felt in the forum state." *Id*. (internal citations and quotations omitted) (emphasis added).

Finally, with regard to the forum state's interest to protect its citizens, the court recognized that "a state's dominant interest on behalf of its citizens in such a case as this is not that they should be free from injury by out-of-state doctors, but rather that they should be able to secure adequate medical services to meet their needs wherever they may go. **This state interest necessarily rejects the proposition that the sufficiency of out-of-state treatment is subject to in-state inquiry**." *Id*. at 291 (emphasis added).

The factors and considerations the court evaluated and balanced in *Wright* are the same factors and considerations that apply to the non-resident defendant physician here, Dr. Foss. As demonstrated and discussed above, the balancing of the factors in *Wright* led the Ninth Circuit to conclude that exercising personal jurisdiction over the nonresident defendant doctor was unreasonable and did not comport with due process. Other courts have followed suit. See also *Pyle v. Hatley*, 239 F. Supp. 2d 970, 981 (C.D. Cal. 2002) (finding no personal jurisdiction in California district court where the medical services complained of was provided in Nevada). This Court should similarly rule that the exercise of personal jurisdiction in this case does not comport with due process and is thus neither proper nor appropriate.

It is anticipated that the plaintiff may rely on *Cubbage* and/or *Triangle Fabricators* in an attempt to argue that Dr. Foss purposefully directed his activities toward Oregon because he saw the plaintiff multiple times, communicated back to the Oregon DOC officials about the plaintiff when they had questions, and requested that records be sent to him for review in order to respond to questions posed by DOC officials. However, in treating the plaintiff—who was incarcerated in Oregon DOC custody—at his medical clinic in Richland, Washington, or by reviewing the plaintiff's medical records and answering DOC's questions about the plaintiff's medical care, Dr. Foss did not commit any intentional act that was "expressly aimed at" Oregon. *See*

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 15

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

*Schwarzenegger*, 374 F.3d at 803. Instead, Dr. Foss simply provided care to a patient who, unsolicited, requested treatment and happened to reside in Oregon. Dr. Foss' "express aim [of providing medical care at his Richland, Washington medical office] was local" and not "expressly aimed" at Oregon. *Id.* at 807. In addition, communications between Dr. Foss and Oregon DOC were "single or occasional acts" that did not create an "attenuated" affiliation with the State of Oregon that support the exercise of personal jurisdiction. *See Triangle Fabricators v. Forward Indus.*, 866 F. Supp. 467, 469 (D. Or. October 27, 1994) (quoting *Burger King*, 471 U.S. at 475 n. 18).

Importantly, the unilateral activity of the plaintiff or of a third party cannot satisfy the requirement of nonresident defendant "contact" within the forum state. *See Burger King*, 471 U.S. at 474. This makes sense because it is each defendant's own actions that must be analyzed in determining whether personal jurisdiction exists for that particular defendant. See *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually") (citing *Rush*, 444 U.S. at 332 ("The requirements of *International Shoe* . . . must be met as to each defendant over whom a state court exercises jurisdiction")).

This case is unlike *Cubbage* and *Triangle Fabricators,* neither of which involve allegations of tortious conduct or a corresponding "purposeful direction" analysis. In *Cubbage*, the Ninth Circuit found that the defendants purposefully availed themselves by applying for and obtaining a credential in the forum state in order to get reimbursed by funds from the forum state, and by placing a telephone listing and a yellow pages advertisement in the forum's local phone directory, which was distributed in the forum. *Cubbage*, 744 F.2d 665. The *Triangle Fabricators* court similarly found purposefully availment when the defendants designed their product for the market in the forum state, advertised their merchandise in a national publication, maintained a toll-free number for their customers, negotiated contracts that were effective in the forum state, contemplated a continuing relationship with the forum state, and did not deny that they conducted

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 16

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094 • f. 206-749-0194

business in the forum state. *Triangle*, 866 F. Supp. at 471-472. None of these factors are present in the instant case.

The only link between Dr. Foss and the State of Oregon is the fact that the plaintiff resided in Oregon at the time of his treatment with Dr. Foss. "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum state that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285. In addition, DOC's actions of bringing the plaintiff to see Dr. Foss in Washington cannot trigger personal jurisdiction on Dr. Foss, *Burger King*, 471 U.S. at 474, and "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder*, 465 U.S. at 790 (citing *Rush*, 444 U.S. at 332).

Based on the well-established case law, it cannot be said that Dr. Foss purposefully directed his activities expressly aimed at Oregon, and the plaintiff cannot satisfy his burden of proving the first two elements of the three-part test. *Burger King*, 471 U.S. at 477; *Boschetto*, 539 F.3d at 1016. For the reasons stated herein, exercising personal jurisdiction over Washington resident Dr. Foss does not comport or comply with due process, and thus exercising personal jurisdiction over Dr. Foss is neither appropriate or warranted. This Court should dismiss all claims against Dr. Foss for lack of personal jurisdiction accordingly.

## CONCLUSION

Defendant Dr. Foss is not subject to personal jurisdiction in the District of Oregon. For the reasons stated herein, defendant Dr. Foss respectfully requests that this Court grant his motion to dismiss for lack of personal jurisdiction.

//
//
//

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 17

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194

DATED this 25th day of February, 2021.

                                                     Fain Anderson VanDerhoef
                                                     Rosendahl O'Halloran Spillane, PLLC

                                                     By: s/ *Eric A. Norman*
                                                        Eric A. Norman, OSB #100486
                                                        Attorney for Defendant Fred M. Foss, M.D.

                                                         701 Fifth Avenue, Suite 4750
                                                         Seattle, WA 98104
                                                         Phone:    (206) 749-0094
                                                         Fax:      (206) 749-0194
                                                         Email:    eric@favros.com

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 18

(CASE NO. 6:20-cv-01707-MK)

Fain Anderson VanDerhoef
Rosendahl O'Halloran Spillane, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98104
p. 206-749-0094  •  f. 206-749-0194

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Counsel for Plaintiff*
Jason E. Thompson, OSB #014301
Thompson Law, LLC
515 High Street SE
Salem, Oregon 97301
Phone: 503-763-3537
Email: jason@thompsonlawllc.com

☑ E-Filed with CM/ECF
☐ Facsimile
☐ Regular U.S. Mail
☐ E-mail

Signed at Seattle, Washington this 25th day of February, 2021.

s/ *Esther Wong*
Esther Wong
Legal Assistant to Eric A. Norman

DEFENDANT FRED M. FOSS, M.D.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 19

(CASE NO. 6:20-cv-01707-MK)

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
p. 206-749-0094 • f. 206-749-0194